# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **JANA BROWN**, *Individually and On Behalf of All Others Similarly Situated*, | Civil Case No.: 3:20-cv-99-DJH |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | |
| **FIRSTSOURCE SOLUTIONS USA, LLC** d/b/a **MEDASSIST**, | **JURY DEMAND** |
| Defendant. | |

Plaintiff Jana Brown, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendant Firstsource Solutions USA, LLC d/b/a Medassist, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for herself and all other similarly situated collective members, to recover unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for herself and all other similarly situated Rule 23 class members to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*. ("MMWL").

3. Defendant regularly required its Patient Service Representatives Floaters/Trainers and Team Leads to perform a volume of work assignments that could not be completed within a 40-

hour work schedule per week, yet Defendant, through its management group, prohibited these hourly workers from reporting or clocking in more than 40 hours of work per week.

4. As a result of such illegal pay policy and practice, Defendant has deprived its Patient Service Representatives, Floaters/Trainers and Team Leads, of entitled overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay, for work performed over forty (40) hours per week.

5. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All Patient Service Representatives, Floaters/Trainers, and/or Team Leads employed by Defendant in any regions in the United States other than Durham, North Carolina and Birmingham, Alabama at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

6. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative collective members permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

7. Plaintiff asserts the MMWL claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Patient Service Representatives, Floaters/Trainers, and/or Team Leads employed by Defendant in the State of Missouri at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

8. For at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant maintains its principal place of business in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

12. Defendant Firstsource Solutions USA, LLC d/b/a MedAssist ("Firstsource Solutions USA"), is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

13. Firstsource Solutions USA is a subsidiary of Firstsource Solutions Limited, an Indian-based company whose shares are publicly traded on the National Stock Exchange and the Bombay Stock Exchange.

14. According the Kentucky Secretary of State website, Firstsource Solutions USA was founded in 2010 and currently maintains a principal office at 10400 Linn Station Road, Suite 100, Louisville, KY 40223.

15. According to its website, Firstsource Solutions USA's services include, among other, hospital revenue cycle management involving eligibility and enrollment, hospital and patient accounts receivable, etc. [1]

16. Plaintiff Jana Brown ("Brown") is an adult resident of the State of Missouri.

17. Ms. Brown was employed by Defendant as an hourly-paid Patient Service Representative from approximately October 2014 through May 2018.

---

[1] https://www.firstsource.com/hospital-revenue-cycle-management/; *see also* https://gomedassist.com/solutions/#experience-m (last accessed February 4, 2020).

18.     The positions of Patient Service Representative, Floaters/Trainer, and Team Lead have been classified at all times material to this Complaint as non-exempt.

19.     Defendant employed Ms. Brown to work at Freeman Hospital West, 1102 West 32nd Street Joplin, MO 64804 and Freeman Hospital East, 932 E 34th St, Joplin, MO 64804.

20.     At Freeman Hospital West and East, Ms. Brown sometimes also handled eligibility work for patients at Freeman Neosho, 336 S. Jefferson St. Neosho, MO.

21.     Ms. Brown's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

23.     At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

24.     At all relevant times alleged herein, Defendant has generated over $500,000.00 in revenue per year.

25.     At all relevant times alleged herein, Defendant was/is the "employer" of the Plaintiff and the putative collective/class members within the meaning of 29 U.S.C § 203(d) and Mo. Rev. Stat. § 290.500 (4).

26.     The Plaintiff and the putative collective/class members were/are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and Mo. Rev. Stat. § 290.500 (3).

27.     Defendant, directly or indirectly, hired the Plaintiff and the putative collective/class members and determined the rate and method of the payment of their wages.

28. Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiff and the putative collective/class members.

29. At all relevant times alleged herein, Plaintiff and the putative collective/class members performed job duties that do not fall within any exemptions from overtime under the FLSA and MMWL.

30. At all relevant times alleged herein, Defendant required Plaintiff and the putative collective/class members to perform a volume of work assignments that could not be completed within the 8-hour daily work schedule, or 40-hour weekly work schedule.

31. Plaintiff and the putative collective/class members were pressured and/or reprimanded by the management group for not completing their weekly and daily volume of work assignments.

32. However, Defendant, through its management group, prohibited Plaintiff and the putative collective/class members from reporting or clocking in more than 40 hours of work per week.

33. Defendant has imposed discipline on putative collective/class members for reporting or clocking in more than 40 hours of work per week.

34. If putative collective/class members clocked in or out at a time outside of their 8-hour daily work schedule, the time-recording system KRONOS® would show the entry in red and would not accept it until after the management group adjusted the time to be within the employee's scheduled work time for submission to the payroll.

35. As a result of the *de facto* policy of Defendant, in many workweeks Plaintiff and the putative collective/class members were required to work off-the-clock prior to the beginning of their shift, during their unpaid lunch breaks, and/or subsequent to clocking out at the end of their daily schedule.

36. At all relevant times alleged herein, Plaintiff and the putative collective/class members were required by Defendant to perform off-the-clock work for which they were not compensated.

37. At all relevant times alleged herein, Defendant failed to pay Plaintiff and the putative collective/class members overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207.

38. During all times material to this Complaint, Ms. Brown's schedule was Monday to Friday, 5 days a week.

39. During all times material to this Complaint, Ms. Brown had an 8-hour daily work schedule from 8 am to 4:30 pm including an unpaid 30-minute lunch break.

40. Ms. Brown communicated to management that the excessive workload could not be completed within the 40-hour weekly work schedule, yet she was still not allowed to report or clock in more than 40 hours of work per week.

41. Ms. Brown was not allowed to clock in before her shifts began, including instances in which she performed work before the start of her scheduled shift.

42. Ms. Brown was compelled to clock out for 30-minute lunch break, including certain shifts in which she did not receive a *bona fide*, uninterrupted 30-minute break.

43. Ms. Brown was compelled to clock out at the end of her 8-hour daily work schedule, including instances in which she worked after the time at which her shift was scheduled to end.

44. As a result of the *de facto* policy of Defendant, Ms. Brown performed off-the-clock work pre-shift, post-shift and during lunch break in excess of forty (40) hours in a workweek, for which she was not compensated.

45. Plaintiff and the putative collective/class members are the victims of the common pay policy and practice of Defendant as stated herein that violated the FLSA and MMWL.

46. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

47. Defendant's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

49. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all Patient Service Representatives, Floaters/Trainers and Team Leads who have been affected by Defendant's common unlawful policy and practice of failing to properly pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

50. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Patient Service Representatives, Floaters/Trainers and Team Leads employed by Defendant in any regions in the United States other than Durham, North Carolina and Birmingham, Alabama at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

51. Defendant's Durham, North Carolina and Birmingham, Alabama regions are excluded from the proposed collective because those regions were subject to the court's order granting

7

conditional certification in *Bernardez, et al. v. Firstsource Solutions USA, LLC*, Civil Case No. 3:17-cv-00613-RGJ-RSE, filed in this District Court ("*Bernardez* Action"), which involves similar claims as those asserted herein.

52. Plaintiffs bring this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

53. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

54. Plaintiff seeks to send Notice to all similarly situated non-exempt hourly-paid Patient Service Representatives, Floaters/Trainers, and Team Leads as provided by 29 U.S.C. § 216(b) and supporting case law.

55. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

56. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

57. Plaintiff and the putative FLSA collective members demand a trial by jury.

**RULE 23 CLASS ACTION ALLEGATIONS**

58.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

59.   Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all Patient Service Representatives, Floaters/Trainers and Team Leads who have been affected by Defendant's common unlawful policy and practice of failing to properly pay overtime compensation, in violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*. ("MMWL").

60.   Plaintiff brings this Rule 23 class action on behalf of:

> *All Patient Service Representatives, Floaters/Trainers and Team Leads employed by Defendant in the State of Missouri at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

61.   Plaintiff brings this Rule 23 class action against Defendant to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the MMWL.

62.   The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the State of Missouri. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

63.   There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

64.   Plaintiff's claims are typical of those of the Rule 23 class members in that she and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices.  All of the class members were subject

9

to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

65. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

66. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

67. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

68. Plaintiff and the Rule 23 class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**(29 U.S.C. § 216(b) Individual Claims)**
<u>**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.*</u>
<u>**Failure to Pay Overtime Wages**</u>

69. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

70. Defendant employed Plaintiff as a non-exempt hourly employee.

71. Defendant required Plaintiff to perform off-the-clock work for which she was not compensated.

72. Defendant required Plaintiff to work more than forty (40) hours in a workweek.

73. Defendant has failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

74. Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

75. Because Defendant has willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

76. As a result of Defendant's uniform policies and practices described above, Plaintiff is illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
**(29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

77. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

78. Defendant employed Plaintiff and the FLSA collective members as non-exempt hourly-paid Patient Service Representatives, Floaters/Trainers and/or Team Leads.

79. Defendant required Plaintiff and the FLSA collective members to perform off-the-clock work for which they were not compensated.

80. Defendant required Plaintiff and the FLSA collective members to work more than forty (40) hours in a workweek.

81. Defendant failed to pay Plaintiff and the FLSA collective members overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

82. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

83. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

84. As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA collective members are illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**THIRD CLAIM FOR RELIEF**
**(Individual Claims)**
**Violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*.**
**Failure to Pay Overtime Wages**

85. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

86. Defendant employed Plaintiff as a non-exempt hourly employee.

87. Defendant required Plaintiff to perform off-the-clock work for which she was not compensated.

88. Defendant required Plaintiff to work more than forty (40) hours in a workweek.

89. Defendant has failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the MMWL.

90. Defendant's uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

91. As a result of Defendant's uniform policies and practices described above, Plaintiff is illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to the MMWL.

**FOURTH CLAIM FOR RELIEF**
**(Fed R. Civ. P. 23 Class Action Claims)**
<u>**Violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.***</u>
<u>**Failure to Pay Overtime Wages**</u>

92. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

93. Defendant employed Plaintiff and the Rule 23 class members as non-exempt hourly-paid Patient Service Representatives, Floaters/Trainers and/or Team Leads.

94. Defendant required Plaintiff and the Rule 23 class members to perform off-the-clock work for which they were not compensated.

95. Defendant required Plaintiff and the Rule 23 class members to work more than forty (40) hours in a workweek.

96. Defendant failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the MMWL.

97. Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

98. As a result of Defendant's uniform policies and practices described above, Plaintiff and the Rule 23 class members are illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to the MMWL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.*;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA and MMWL, and end all of the illegal wage practices alleged herein;

(D) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the MMWL claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth,

job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)   Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)   Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)   Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)   Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)   Judgment for damages for all unpaid overtime wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.*;

(L)   on behalf of the FLSA Collective, designating the lead Plaintiffs as Collective representatives and the undersigned counsel as Collective Counsel;

(M)   An Order requiring Defendant to produce a list of names, addresses, job descriptions, and dates of employment of all members of the putative FLSA Collective;

(N)   An Order authorizing Plaintiffs' counsel to notify members of the putative FLSA collective that they are authorized to join this action by filing written consents pursuant to 29 U.S.C. § 216(b);

(O) Judgment for damages for all unpaid overtime compensation to which Plaintiffs and members of the Collective are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(P) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Collective during the applicable statutory period;

(Q) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(R) An Order directing Defendant to pay Plaintiff and members of the collective/class reasonable attorney's fees and all costs connected with this action pursuant to the FLSA and MMWL;

(S) Judgment for any and all civil penalties to which Plaintiff and members of the collective/class may be entitled; and

(T) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: February 7, 2020                                         Respectfully submitted,

                                              By:    /s/ Anne L. Gilday
                                                         Anne L. Gilday
                                                         **THE LAWRENCE FIRM PSC**

606 Philadelphia Street
Covington, KY 41011
Telephone: (859) 578-9130
Facsimile: (859) 578-1032
Email:Anne.gilday@lawrencefirm.com

Jason T. Brown (*pro hac vice* pending)
Nicholas R. Conlon (*pro hac vice* pending)
Ching-Yuan Teng (*pro hac vice* pending)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297
E-Mail: jtb@jtblawgroup.com
E-Mail: nicholasconlon@jtblawgroup.com
E-Mail: tonyteng@jtblawgroup.com

Jessica R. Doogan
**BARKAN MEIZLISH DEROSE**
**WENTZ MCINERNEY PEIFER, LLP**
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (800) 274-5297
Facsimile: (614) 744-2300
E-Mail: jdoogan@barkanmeizlish.com

COUNSEL FOR PLAINTIFF